# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**MARK ANTHONY REED-BEY, a/k/a
OMEGA LEE REED-BEY**
  Plaintiff,

                **Civil Action No. 05-73911**

vs.              **HONORABLE GEORGE CARAM STEEH**
                **HONORABLE STEVEN D. PEPE**

**PATRICIA CARUSO and
S. WHITE,**
  Defendants.
_____/

## ORDER DENYING PLAINTIFF'S APPLICATION FOR APPOINTMENT OF COUNSEL (#3)

  Mark Anthony Reed-Bey, a/k/a Omega Lee Reed-Bey (Plaintiff) is a prisoner in the custody of the Michigan Department of Corrections (MDOC). On October 12, 2005, he filed this action under 42 U.S.C.§ 1983 against the defendants in their individual capacities. Plaintiff alleges claims of violations of his right to file grievances, use the law library, access medical care and attend religious services. All pretrial matters were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A),(B). Plaintiff filed an application for appointment of counsel with his complaint.

  Under 28 U.S.C. § 1915(e)(1), a federal court may request counsel to represent an indigent plaintiff. 28 U.S.C. § 1915(e)(1); *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). Yet, appointment of counsel for an indigent party is a privilege justified only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993). To determine whether exceptional circumstances necessitating the appointment of counsel are present, courts consider the type of case involved, the ability of the plaintiff to represent himself, the complexity of the factual and legal issues, and whether the plaintiff's claims are frivolous or have an extremely small

likelihood of success.  *Id.*; *Reneer*, 975 F.2d at 261; *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985).  Based on several considerations, Plaintiff's claim is denied.

The factual issues raised by Plaintiff are clear and straightforward.  Plaintiff has demonstrated in his complaint and the exhibits attached thereto that he understands the legal issues and can present these issues to a Court in a satisfactory manner.  It must be noted that there is a grave scarcity of attorneys available to represent indigent persons in this Court.  This Court has no funds to secure attorneys for indigent parties in civil cases, and has great difficulty finding attorneys willing to volunteer time to serve in *pro bono* cases without payment.   Plaintiff may renew the motion if his request for counsel after the court rules on any dispositive motions.

Accordingly, Plaintiff's motion for appointment of counsel is DENIED without prejudice.

SO ORDERED.


Dated: December 8, 2005                              s/Steven D. Pepe
Ann Arbor, Michigan                                  United States Magistrate Judge




Certificate of Service

I hereby certify that a copy of this Order was served upon the attorneys and/or parties of record by electronic means or U. S. Mail on December 08, 2005.

                                                     s/William Barkholz
                                                     Courtroom Deputy Clerk