**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**MARK ANTHONY REED #151290**
**A/K/A OMEGA LEE REED-BEY**,
    Plaintiff,

                                             **Civil Action No. 05-73911**

vs.                                      **HONORABLE GEORGE CARAM STEHH**
                                             **HONORABLE STEVEN D. PEPE**

**PATRICIA L. CARUSO and**
**S. WHITE,**
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    Mark Anthony Reed a/k/a/ Omega Lee Reed-Bey is a prisoner in the custody of the Michigan Department of Corrections (MDOC). On October 12, 2005, he filed this action under 42 U.S.C. §1983 against MDOC Director Patricia L. Caruso and Stanley White in their individual capacities. Plaintiff alleges that the Defendant White has retaliated against him for exercising his First Amendment right to access the prison grievance system by blocking access to the grievance system after Plaintiff filed a grievance which complained about Defendant White. Plaintiff alleges that Defendant Caruso denied him his right to file a grievance when she refused to accept the grievance against Defendant White "directly to her office" and instead instructed Plaintiff to file the grievance at the first step of the grievance process. Defendants filed their motion for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) on December 28, 2005 (Dkt. # 14). All pretrial matters were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A),(B). For the reasons stated below, it is RECOMMENDED that Defendants' motion for dismissal be GRANTED and Plaintiff's complaint be dismissed pursuant to 42 U.S.C. § 1997e for failure to exhaust.

The Prison Litigation Reform Act requires prisoners desiring to bring civil rights claims to exhaust all available administrative remedies prior to filing suit in federal court. 42 U.S.C. §1997e(a); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998). In cases governed by the provisions of §1997e, the prisoner bears the burden of establishing exhaustion of administrative remedies. *Brown,* 139 F.3d at 1104. To establish exhaustion, the prisoner must allege that all available administrative remedies have been exhausted and should attach documentation to the complaint indicating the administrative disposition of any grievances that have been filed. *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.2000); *Brown,* 139 F.3d at 1104. If documentation demonstrating exhaustion is not available, the prisoner must describe the administrative proceedings and their results with specificity. *Knuckles El,* 215 F.3d at 642. The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002).

Plaintiff attached three grievances to his complaint in which he complained of actions taken by "the grievance coordinator". The first, dated June 19, 2005 (Dkt. # 1, Exhibit B, p. 3), was filed directly to the Director's office and was responded to in a letter instructing Plaintiff to file the grievance at Step I (*Id.*, Exhibit B, p. 5). The second, dated July 18, 2005, was filed at Step I (*Id.*, Exhibit D, p. 1), but was returned to Plaintiff for failure to comply with prison directives regarding filing, in that Plaintiff had not submitted 4 copies of each additional page he had attached to his grievance (*Id.*, Exhibit D, p. 3) . The response to the second grievance also indicated that the name Plaintiff had used to identify himself, Omega-Lee Reed-Bey, did not match any assigned prisoner number. The third was a grievance filed directly to the Director's office and was also returned with

a letter instructing Plaintiff to file the grievance at Step I. (*Id.*, Exhibit E, p. 6 & 7).

Defendants apparently concede that "the grievance coordinator" was sufficient to identify Defendant White for purposes of exhaustion, but argue that (a.) Plaintiff did not complete Steps I-III regarding his grievance against Defendant White and (b.) Plaintiff has not filed any grievance against Defendant Caruso.

In order for "a court to find that a prisoner has administratively exhausted a claim against a particular defendant, a prisoner must have alleged mistreatment or misconduct on the part of the defendant at Step I of the grievance process." *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003); *see also, Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001)(Grievances filed in an attempt to exhaust administrative remedies must name the individual subjects of the grievances so prison officials can address the claims before a suit is brought in federal court.).  Plaintiff fails to demonstrate that, prior to filing suit in federal court, he has exhausted his administrative remedies on his claims against the Defendants, because he has not attached or described any grievance filed against Defendant Caruso nor shown that he completed the grievance process against Defendant White.

Plaintiff argues in his response that he was barred from completing the grievance process with respect to Defendant White because Defendant White refused to accept his grievances.  This argument fails for two reasons.  First, the documents attached to Plaintiff's complaint show that the Plaintiff's grievance against Defendant White was initially returned by Defendant White at Step I because Plaintiff had not attached the appropriate number of copies of the additional sheet he had attached to the grievance and that Plaintiff was warned that the name "Omega Lee Reed-Bey" did not match a valid prisoner number so he should not file under that name again.  Plaintiff does not dispute these facts, but argues that he resubmitted the grievance on July 29, 2005, with the proper

3

number of copies and attached a document showing that his name had legally been changed to Omega Lee Reed-Bey and Defendant White again rejected the grievance.[1]  Plaintiff did not attach a copy of July 29, 2005, re-submission so there is no documentation on which to rely for a finding that exhaustion was even attempted.  Further, the rejection of a grievance must be appealed before Plaintiff can file a suit in federal court, MDOC's Policy Directive 03.02.130, ¶ I ; *see also Little v. Bahr*, No. 99-1660, 2000 WL 921978, at *1 (6th Cir. June 30, 2000) (holding that a rejection of a grievance is itself a response that must be appealed) and, while Plaintiff has attached a letter written to the Director in response to the alleged second denial of his grievance against Defendant White (Dkt. #1, Exhibit E, p. 6), he has not explained why he did not follow the instructions given to him in response to this letter and file a grievance at Step I (*Id.*, Exhibit E, p. 7).

Second, in *Jones-Bey v. Johnson,* 407 F.3d 801, 805 (6th Cir. 2005), the Sixth Circuit adopted a "total exhaustion" requirement for prisoner complaints which fall within the parameters of 42 U.S.C. §1997e.  Under this rule, a complaint which contains both exhausted and unexhausted claims must be dismissed in its entirety without prejudice for failure to exhaust administrative remedies.  District courts no longer have the option of dismissing the unexhausted claims and proceeding with the claims that have been submitted through the grievance process.  A prisoner whose complaint containing both exhausted and unexhausted claims has been dismissed may bring forth each

---

[1] The document Plaintiff attached to his complaint and, allegedly, to the resubmitted grievance against Defendant White, purporting to indicate recognition by MDOC Supervisor of Records of a legal name change is dated September 29, 1987 (Dkt. # 1, Exhibit E, p. 2).  Yet, the Offender Tracking Information System reveals that Plaintiff was not incarcerated at this time.  Plaintiff had been released on March 15, 1986, and reincarcerated on July 20, 1990.  Further, Defendant White attached an affidavit to Defendants' response saying that it is MDOC Policy that all prisoners have to use their commitment names on all official documentation in absence of a legal name change and (a.) Plaintiff's institutional file contains no record of a name change and (b.) the Corrections Management Information System does not reflect a name change (Dkt. # 14, Exhibit A, ¶ 11).

4

exhausted claim one at a time, at potentially greater expense to himself, or wait until all claims are exhausted and then bring them together in one action. *Id.* at 808. Therefore, even if Plaintiff's claim regarding the futility of grieving Defendant White were meritorious, the lack of any grievances against Defendant Caruso would be fatal to his complaint.

For these reasons it is RECOMMENDED that Defendants' motion for dismissal (Dkt. #16) be GRANTED.[2]

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard*

---

[2] While *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.1998), held that a court will not "process or decide the merits of any case on appeal that does not comply with the statute", here the exhaustion requirement, it should be noted that Plaintiff's claims against Defendant Caruso appear to lack merit.

There is no allegation that Defendant Caruso was personally involved in or responsible for the alleged violation of his constitutional rights. *See Rizzo v. Goode,* 423 U.S. 362, 373-77 (1976); *Hall v. United States,* 704 F.2d 246, 251 (6th Cir.1983). In fact, Defendant Caruso did not even author the two refusals to accept Plaintiff's grievances at the director's level and, even if she had, this would not be actionable as explained below.

Plaintiff may not base his claim against a defendant upon his or her denial of his administrative grievances or failure to act based upon information contained in a grievance. *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999). To establish liability under section 1983 against an individual defendant, a plaintiff must plead and prove that the defendant was personally involved in the conduct that forms the basis of his complaint. *Greene v. Barber,* 310 F.3d 889, 899 (6th Cir.2002); *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.1984) (stating that, "[a]t a minimum a 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct."). Thus, a claimed constitutional violation must be based on active unconstitutional behavior, *Greene,* 310 F.3d at 899; *Shehee,* 199 F.3d at 300, and cannot be based upon the mere right to control employees. *Polk Co. v. Dodson,* 454 U.S. 312, 325-26 (1981); *Monell v. New York City Dep't of Soc. Serv.,* 436 U.S. 658 (1978). A plaintiff must demonstrate that a supervisory defendant "did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on." *Bass v.. Robinson,* 167 F.3d 1041, 1048 (6th Cir.1999). Merely bringing a problem to the attention of a supervisory official is not sufficient to impose liability. *See Shelly v. Johnson,* 684 F.Supp. 941, 946 (W.D.Mich.1987). Because Plaintiff failed to allege facts demonstrating, or giving rise to a reasonable inference, that Defendant Caruso actively engaged in any unconstitutional behavior, he likely fails to state a claim against Defendant Caruso. Therefore, the claims against Defendant Caruso could be dismissed for failure to state a claim pursuant to 42 U.S.C §1997e(c)(1).

...

*v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this report and recommendation. *Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370,1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72(d)(2), a copy of any objections is to be served upon this Magistrate Judge. Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections. A party may file a reply brief within 5 days of service of a response. The reply shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.

Dated: April 21, 2006                                              s/Steven D. Pepe
Ann Arbor, Michigan                                            United States Magistrate Judge

Certificate of Service

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff by U. S. Mail and Julia Bell electronically on April 21, 2006.

                                                                           s/William J. Barkholz
                                                                           Courtroom Deputy Clerk