UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ANTHONY REED #151290
A/K/A OMEGA LEE REED-BEY,

   Plaintiff,

vs.
                Case No. 05-73911
                HON. GEORGE CARAM STEEH

PATRICIA L. CARUSO and
S. WHITE,

   Defendants.
_____/

ORDER ACCEPTING APRIL 21, 2006 REPORT AND RECOMMENDATION (#20),
GRANTING DEFENDANTS' MOTION TO DISMISS (#14),
AND DISMISSING PLAINTIFF'S CLAIM FOR FAILURE TO EXHAUST
ADMINISTRATIVE REMEDIES.

  Pro se plaintiff Mark Anthony Reed, a/k/a Omega Lee Reed-Bey, is presently incarcerated at the Mound Correctional Facility of the Michigan Department of Corrections (MDOC).  On October 12, 2005 he filed this action against Patricia L. Caruso, Director of MDOC, and Stanley White, "grievance coordinator" for the Mound Facility, in their individual capacities.  In essence, Plaintiff's complaint concerns defendants' handling of grievances he filed through the MDOC grievance process.  Plaintiff alleges that Defendant White, by mishandling medical grievances, subjected Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment.  In addition, Plaintiff alleges that both defendants violated his First Amendment rights by denying him access to the prison grievance system.  Lastly, Defendant claims a violation of his Fourteenth Amendment rights, but does not

support that claim.

Defendants filed a motion to dismiss on December 28, 2005 premised on, among other things, Plaintiff's failure to exhaust all available administrative remedies before filing suit, as required by 42 U.S.C. § 1997e(a). The case was referred to Magistrate Judge Steven D. Pepe who issued an April 21, 2006 Report and Recommendation recommending that the motion be granted for failure to exhaust. Magistrate Judge Pepe found that Plaintiff had not exhausted against either defendant, and furthermore, under the "total exhaustion" rule, failure to exhaust any claim requires dismissal of all claims without prejudice. Jones-Bey v. Johnson, 407 F.3d 801, 805 (6th Cir. 2005).

PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION

"A judge of the court shall make a *de novo* determination of those portions of a report or specified proposed findings or recommendations to which objection is made." U.S.C. § 636 (b)(1)(C). Plaintiff makes two objections to the report and recommendation, both concerning his failure to exhaust administrative remedies. His first objection is that it is fruitless to file a grievance against Director Caruso as she is the head of the MDOC system, and therefore there are no administrative remedies available against her. The second objection is that Defendant White blocked Plaintiff's access to the grievance system, thereby preventing Plaintiff from completing the grievance process. The court does not find either of these objections convincing.

Objection 1) Plaintiff claims that he has exhausted all available administrative remedies with regard to Defendant Caruso. He maintains that the fact that Defendant Caruso is Director of MDOC implies that a grievance is not possible against her. Plaintiff's rationale is that a grievance cannot be effective unless there exists a supervisor of the

person being grieved who can respond to the grievance.  The court does not find this argument persuasive.  First, one objective of the exhaustion requirement of 42 U.S.C. § 1997e(a) is to give prison officials notice of the prisoner complaint so they have an opportunity to resolve the issue internally.  Porter v. Nussle, 534 U.S. 516, 516-17 (2002). Accordingly, regardless of whether the Director has a supervisor, exhausting the grievance process for an issue regarding the Director serves the same purpose of providing notice to prison officials, thereby giving them the opportunity to resolve the issue internally.  In addition, the court notes that other prisoners have successfully filed Step I through Step III grievances against Director Caruso, thus exhausting their administrative remedies.  E.g., Pulliam v. West, No. C 05-5264 CW, 2006 U.S. Dist. LEXIS 15488, at *5, 2006 WL 560689 at *2 (W.D. Mich. March 3, 2006); Campbell v. Trevino, No. 1:05-cv-748, 2006 U.S. Dist. LEXIS 7625 at *5, 2006 WL 357050 at *2 (W.D. Mich. Feb 15, 2006); Kitchen-Bey v. Mich Dep't. Of Corr., No. 2:05-cv-267, 2006 U.S. Dist. LEXIS 1345 at *5, 2006 WL 62827 (W.D. Mich., Jan 10, 2006).  Therefore, as this objection is without merit, the court finds that Plaintiff has failed to exhaust his administrative remedies with regard to Defendant Caruso.

Objection 2) Plaintiff also argues that Defendant White refused to accept his grievances, thereby preventing Plaintiff from completing the grievance process against Defendant White.  This argument is not truly an objection so much as a restatement of an argument previously presented by Plaintiff and already addressed directly by Judge Pepe in the Report and Recommendation.  Upon review, this court agrees with the reasoning expressed by Judge Pepe in his report that Plaintiff has not exhausted his administrative remedies against Defendant White.

Plaintiff did file a Step I and Step III grievance against Defendant White.  The Step

III grievance was filed directly to Director Caruso's office and was returned with a statement saying it should be filed at Step I. The Step I grievance was initially filed under the name "Omega Lee Reed-Bey", and was returned by Defendant White because that name did not match the name on record with MDOC corresponding with Plaintiff's prisoner number. Plaintiff alleges that he resubmitted the grievance at Step I with a document showing recognition by MDOC of his name being changed. However, as noted by Judge Pepe, while Plaintiff attached a copy of a grievance filed against parties unnamed in this action that included the documentation regarding his name change, he failed to attach a copy of the resubmitted grievance against Defendant White. Similarly, while Plaintiff alleges that he requested, but never received Step II grievance forms, he does not provide any details beyond stating that he made the request. Exhaustion is not demonstrated by asking a grievance coordinator for a form. The prisoner must allege that there is no other source for obtaining the grievance form, that he made other attempts to obtain the form, or that he attempted to file the grievance without the form. Jones v. Smith, 266 F.3d 399, 400 (6th Cir. 2001). Absent written documentation showing exhaustion, a prisoner must make particularized averments and state with specificity the actions taken in attempting to administratively remedy the situation. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). It is not sufficient to simply state that a Step II form was requested. Thus, Plaintiff has failed to demonstrate administrative exhaustion in his grievance against Defendant White.

Plaintiff has failed to exhaust his administrative remedies against both Defendants. Under the "total exhaustion" rule, failure to exhaust against any one party requires dismissal of all claims. Jones-Bey, 407 F.3d at 805. Therefore, the complaint must be

dismissed in its entirety.

## CONCLUSION

For the reasons set forth above, the court hereby ACCEPTS and ADOPTS the Magistrate's Report and Recommendation as its findings and conclusions in this matter. Plaintiff's claims are hereby DISMISSED without prejudice for failure to exhaust administrative remedies.

SO ORDERED.

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  June 6, 2006

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on June 6, 2006, by electronic and/or ordinary mail.

S/Josephine Chaffee
Secretary/Deputy Clerk